

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4805
Re: (a) Where the Commissioners'
Court has fixed the salary
of the County Treasurer
under Article 3912e, Sec.
13, Vernon's Annotated
Civil Statutes, should any
fee collected by this offi-
cer from a drainage dis-
trict be deposited in the
Officers' Salary Fund?
(b) Are salaries of county
officers in Nueces County
affected by rise in popu-
lation to above 60,000?

Your requests for opinion, dated August 20, 1942,
have been received and considered by this Department. We
quote from your first request as follows:

"Prior to the enactment of Article 3912-E,
Section 13, the County Treasurer was entitled
to an amount not exceeding $2000.00 per annum,
however, in this same Article, Nueces County,
at that time having a population of 51,774,
also had a special bracket, in that it had
assessed valuations exceeding $20,000,000.00.
The actual valuation in the year 1935 were in
excess of $35,000,000, therefore, the County
Treasurer being placed in the fee officer class
was entitled to receive 14%, or 1% for each
one million or fraction thereof, over and above
the maximum amount of $2000.00 allowed under
Article 3943 in accordance with an opinion ren-
dered by your office.

"Article 3912-X, Section 5, states 'It shall be the duty of all officers to charge and collect in the same manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them as and when such fees are collected they shall be deposited in the Officers Salary Fund or funds provided in this Act.'

"With this provision in mind are we not correct in assuming that any fee collected by the County Treasurer from the Drainage District should be deposited to the officers salary fund?"

In our opinion No. C-2940, rendered December 16, 1940, and found on page 337 of the Annual Report of the Attorney General for 1940, we held that:

"* * * where the commissioners' court has set and fixed the salary of the county treasurer under the provisions of the Officers' Salary Law, Section 13, Article 3912e, Vernon's Civil Statutes, the treasurer is not entitled to retain as his own, commissions allowed him under the provisions of Article 8148 of said statutes (relating to commissions for receiving and disbursing funds of drainage districts) but same should be paid into the officers' salary fund from which he draws his salary."

Your second request states:

"* * *.

"Nueces County, prior to 1940 had a population of 51,774, this being the official census of the year 1930. Under the 1940 census Nueces County had a population of 92,661.

"* * *.

"Under the 1930 census of 51,774, Nueces County comes in the population bracket of 37,500 and less than 60,000 inhabitants through which bracket, under

Article 3883, fee officers were entitled, assuming of course that it was earned, a maximum of $4,250.00. When Nueces County entered the brackets of 60,000 to 100,000 the maximum amount allowed fee officers would be $4,750.00.

"On August 24, 1935 the fee officers of Nueces County, being in the population bracket of 37,501 or less than 60,000 received a maximum of $4,250.00. Would this same fee officer under the 1940 census, which moved the fee officer in Nueces County to the population bracket of 60,000 to 100,000 be entitled to the maximum amount of $4,750.00, this being the existing law on August 24, 1935, for counties of this size?

"In said Article 3912-E, Section 13, fee officers in the bracket of 37,500 and less than 60,000 were allowed, in addition to this maximum, an increase of 1% per $1,000,000.00 in excess of $20,000,000.00. According to the last preceeding approved tax roll of such county in the case of Nueces County, the valuation in the year of 1935 was $33,419,756.00, which would allow the fee officer of Nueces County an increase of 14% over and above the maximum amount allowed the fee officer in 1935, based on the census of 1930 applying to Nueces County.

"In other words does the fee officer who in the year 1935 was in the 37500-60000 population bracket remain in that same bracket for subsequent years, or does he with the change in population in the year 1940 census move to the higher bracket and be compensated accordingly."

In our opinion No. 0-2546, dated August 5, 1940 and addressed to you, reported on page 239 of the Annual Report of the Attorney General for 1940, we considered the fact that the 1940 census had raised Nueces County out of the 37,500-60,000 class in Section 13 of Article 3912e of Vernon's Annotated Civil Statutes and had left it subject to the general provisions of this Section relating to counties in the 20,000-

Honorable C. J. Wilde, Page 4

190,000 class. In this opinion we held that as a result of
the rise in population, the commissioners' court could no
longer add one per cent for each one million dollars valuation,
or fractional part thereof, in excess of twenty million dollars
valuation, over and above the maximum amount allowed county
officers under laws existing on August 24, 1935, to the salaries
of such officers, and we ruled that officers who are compensated
on an annual salary basis should be paid

"* * *an annual salary in twelve equal monthly
installments of not less than the total sum earned
as compensation by them in their official capacity
for the fiscal year 1935 and not more than the
maximum amount allowed such officers under laws
existing on August 24, 1935."

In Opinion No. O-2582, dated August 14, 1940, and re-
ported on page 248 of the Annual Report of the Attorney General
for 1940, we dealt with a situation relative to the salaries
of officers of Travis County, where the population of that
county had increased from 77,777 inhabitants in 1930 to 110,686
inhabitants in 1940. This opinion holds that the change in
population has no effect whatsoever upon the maximum amount
allowed such officers under laws existing on August 24, 1935,
and that such amount is the one allowed counties in the 60,001-
100,000 class, towit, $4,750.00, and not the amount provided
for counties in the 100,001-150,000 class, towit, $5,500.00.

In our Opinion No. O-2560, dated August 2, 1940,
and reported on page 241 of the Annual Report of the Attorney
General for 1940, we dealt with a converse situation in which
the 1940 census reflected a decrease in population with a
consequent drop from one population bracket to another under
Article 3883 and 3891, and we ruled that the decrease in popu-
lation has no effect on the maximum salaries allowed enumerated
officers under laws existing on August 24, 1935.

We feel that these opinions, copies of which are
enclosed, control your question. On August 24, 1935, Nueces
County had a population of 51,774, according to the last

Honorable C. J. Wilde, Page 5

preceding census, and, through the combined effect of Articles 3883 and 3891, the maximum amount allowed was $4,250.00. The subsequent rise in population in no way alters this maximum amount.

In view of the above opinions, the first question stated in the caption of this opinion is answered in the affirmative, and the second question is answered in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:nw

APPROVED SEP 10, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN